**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JORGE ORLANDO IRAHETA-OSORIO, | No. 09-74015 |
| Petitioner, | Agency No. A099-473-225 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Jorge Orlando Iraheta-Osorio, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that, even if credible, Iraheta-Osorio's experiences in El Salvador did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000). Substantial evidence also supports the BIA's finding that Iraheta-Osorio failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground, because he did not demonstrate that the gang members who sought to extort money from him and his family were motivated by anything other than an economic interest. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (fears stemming from isolated criminal acts do not provide a basis for relief). Accordingly, Iraheta-Osorio's asylum claim fails.

Because Iraheta-Osorio did not meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**