**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUALBERTO CHAVEZ-GARCIA, AKA Ualberto Chavez, AKA Gilbert Garcia-Chavez, *Petitioner*, | No. 14-72172 Agency No. A031-441-662 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 4, 2017
Pasadena, California

Filed September 21, 2017

Before:  S. Jay Plager,[*] Carlos T. Bea,
and John B. Owens, Circuit Judges.

Opinion by Judge Bea;
Dissent by Judge Owens

---

[*] The Honorable S. Jay Plager, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

# SUMMARY[**]

## Immigration

The panel granted Gualberto Chavez-Garcia's petition for review of the Board of Immigration Appeals' decision dismissing his appeal on the ground that Chavez-Garcia waived his right to appeal by departing under an order of removal, and remanded.

The panel held that Chavez-Garcia's departure from the United States, without more, did not provide clear and convincing evidence of a "considered" and "intelligent" waiver of the right to appeal, and therefore did not meet the constitutional requirements of a valid waiver. The panel further held that the immigration judge's failure to inform Chavez-Garcia that his departure would constitute a waiver of his previously reserved right to appeal to the Board rendered his purported waiver invalid.

Dissenting, Judge Owens wrote that a letter from Chavez-Garcia's own lawyer – which asked for Chavez-Garcia's immediate removal and stated that Chavez-Garcia did not intend to appeal the immigration judge's decision – supports the Board's decision to dismiss the appeal on waiver grounds.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Gowri Ramachandran (argued), Supervising Attorney; Alexandra Angel (argued), Charlie Wang (argued) Samuel Barry, and Nadejda Sokolova, Certified Law Students; Southwestern Law School, Los Angeles, California; Andrew Knapp, Immigrant Access to Justice Assistance, Los Angeles, California; for Petitioner.

Elizabeth Fitzgerald-Sambou (argued) and Mona Maria Yousif, Trial Attorneys; John S. Hogan, Assistant Director; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

BEA, Circuit Judge:

We must decide whether Gualberto Chavez-Garcia waived his right to appeal his removal order to the Board of Immigration Appeals ("BIA") by his departure from the United States before he filed his appeal. *See* 8 C.F.R. § 1003.3(e) ("Departure from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case, shall constitute a waiver of his or her right to appeal."). We hold that Chavez-Garcia's departure alone did not constitute a "considered" and "intelligent" waiver of his right to appeal, and therefore did not meet the constitutional requirements of a valid waiver.

## FACTUAL AND PROCEDURAL BACKGROUND

Gualberto Chavez-Garcia was born in Mexico in 1951 to Sabina Garcia, a United States ("U.S.") citizen, and her

husband, Baldomero Chavez, a Mexican citizen. At the time of Chavez-Garcia's birth, a child born outside the U.S. to a U.S. citizen, who was married to an alien, acquired U.S. citizenship upon birth if the U.S. parent had resided in the U.S. for ten years prior to the child's birth, and at least five of those years accrued after the age of sixteen. *See* 8 U.S.C. § 601(g) (1940). A child born out of wedlock and outside the U.S. to a U.S. citizen mother acquired U.S. citizenship as long as the mother had resided in the U.S. prior to the birth and the non-U.S. citizen father did not legitimate the child. *See* 8 U.S.C. § 605 (1940).

Chavez-Garcia entered the U.S. on May 20, 1958, after the U.S. Consulate in Guadalajara, Mexico registered him as a U.S. citizen derived through his mother. In 1967, Chavez-Garcia filed an application for a certificate of citizenship with the Immigration and Naturalization Service ("INS"). The INS opened an investigation. During that investigation, Chavez-Garcia's mother testified that she left the U.S. in 1931, when she was roughly two years old, and did not return to the U.S. until 1958, seven years after he was born. Both of Chavez-Garcia's parents testified that they were not married by civil ceremony until 1958. However, his parents later corrected that testimony and affirmed that they had been married in 1947 by religious and civil ceremony. They explained that they had been married once with Sabina's common name (Maria Rosa Garcia) in 1947 and a second time with Sabina's legal name (Sabina Garcia) in 1958.

In 1968, the INS determined that Chavez-Garcia was not a U.S. citizen because his married mother did not establish the statutorily required ten years of residence in the U.S. prior to her child's birth with at least five years occurring after the age of sixteen. In the same year, Chavez-Garcia's mother withdrew a separate application for Chavez-Garcia's

citizenship for the same reason. In 1969, the INS advised Chavez-Garcia that he was unlawfully present in the U.S. but might be able to obtain an immigrant visa from a U.S. Consul abroad. Later that year, Chavez-Garcia's mother filed a petition for an immigrant visa on Chavez-Garcia's behalf. In 1970, the INS approved that application. Chavez-Garcia became a lawful permanent resident in 1972.

On February 4, 2010, Chavez-Garcia pled *nolo contendere* and was convicted of Oral Copulation of an Incompetent Person in violation of Cal. Penal Code § 288a(g),[1] and Sexual Penetration of a Victim Incapable of Consent in violation of Cal. Penal Code § 289(b).[2] The convictions were based on a report that Chavez-Garcia had sexual relations with a resident of the Safe Harbor Adult Health Care Center who was "mildly retarded," "had the

---

[1] Cal. Penal Code § 288a(g) ("[A]ny person who commits an act of oral copulation, and the victim is at the time incapable, because of a mental disorder or developmental or physical disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act, shall be punished by imprisonment in the state prison, for three, six, or eight years. . . . [T]he prosecuting attorney shall prove, as an element of the crime, that a mental disorder or developmental or physical disability rendered the alleged victim incapable of giving consent.").

[2] Cal. Penal Code § 289(b) ("[A]ny person who commits an act of sexual penetration, and the victim is at the time incapable, because of a mental disorder or developmental or physical disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act or causing the act to be committed, shall be punished by imprisonment in the state prison for three, six, or eight years. . . . [T]he prosecuting attorney shall prove, as an element of the crime, that a mental disorder or developmental or physical disability rendered the alleged victim incapable of giving legal consent.").

mentality of a child," and was "confined to a wheelchair." At the time of the charged crime, Chavez-Garcia was employed as a bus driver at the Safe Harbor Adult Health Care Center. Chavez-Garcia was sentenced to consecutive terms of three years in prison for the § 288a(g) violation and two years in prison for the § 289(b) violation.

On May 24, 2010, the Department of Homeland Security ("DHS") issued Chavez-Garcia a Notice to Appear before an Immigration Judge ("IJ") to answer the charge that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of the aggravated felony of a crime of violence as defined by 18 U.S.C. § 16.[3] Chavez-Garcia was represented by counsel throughout his removal proceedings. Chavez-Garcia moved to terminate his removal proceedings on the basis that he was a U.S. citizen. Chavez-Garcia also argued that even if he was an alien, neither of his convictions qualified as a "crime of violence" under 18 U.S.C. § 16. Therefore, he had not committed an "aggravated felony" which would render him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). On January 28, 2013, the IJ issued a decision that denied Chavez-Garcia's motion to terminate his removal proceedings and found that Chavez-Garcia was removable. The IJ determined that Chavez-Garcia was not a U.S. citizen because his parents were married prior to his birth and his mother did not reside in the U.S. for the time

---

[3] "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The Immigration and Nationality Act (INA) includes many offenses in the definition of "aggravated felony," including—as is relevant here—a "crime of violence (as defined in [18 U.S.C. § 16] . . . for which the term of imprisonment [sic] at least one year." *Id.* § 1101(43)(F).

necessary for Chavez-Garcia to obtain citizenship.[4] The IJ also found that Chavez-Garcia was removable as an alien convicted of the aggravated felony of a crime of violence, as defined by 18 U.S.C. 16(b).[5] The IJ determined that because Chavez-Garcia's actions "were taken in absence of the victim's actual consent, his acts necessarily involved, at a minimum, the risk that force might be used to commit the act." The IJ observed that statutes criminalizing sexual acts which presuppose a lack of consent necessarily involve a risk of physical force because nonconsensual sexual touching "carries with it the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint." (quoting *United States v. Rowland*, 357 F.3d 1193, 1197 (10th Cir. 2004) and citing *Valencia v.*

---

[4] Although the IJ made a determination of inadequate residency, the BIA explicitly declined to make any findings as to the citizenship issue. For this reason, neither do we. *See Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 ("Where the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.").

[5] 18 U.S.C. § 16(b) ("The term 'crime of violence' means . . . (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."). Only § 16(b) is at issue here. The Supreme Court has yet to file an opinion in *Sessions v. Dimaya*, 137 S. Ct. 31 (Mem.) (Sept. 29, 2016), a case which will resolve the question whether 18 U.S.C. § 16(b) is unconstitutionally vague. However, because we grant the petition for review on the grounds discussed in this opinion and do not reach the question whether Chavez-Garcia's underlying conviction met the definition of a crime of violence under 18 U.S.C. § 16(b), we need not await the Court's decision to resolve this case.

*Gonzales*, 439 F.3d 1046 (9th Cir. 2006) and *Lisbey v. Gonzales*, 420 F.3d 930 (9th Cir. 2005)).

On February 12, 2013—more than two weeks after the IJ issued its decision—Chavez-Garcia, via counsel, filed a written request for immediate execution of the IJ's order with removal to Mexico as soon as practicable to visit his terminally-ill mother. The filing stated that Chavez-Garcia did "not intend to appeal the decision of the [IJ]." One day later, on February 13, 2013, DHS removed Chavez-Garcia to Mexico.

On February 22, 2013, Chavez-Garcia's attorney appealed the IJ's order to the BIA. Chavez-Garcia again argued that his state convictions did not qualify as crimes of violence and that he was a U.S. citizen. The Government moved for summary dismissal because Chavez-Garcia's departure from the U.S. constituted a waiver of his right to appeal. *See* 8 C.F.R. § 1003.3(e) ("Departure from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case, shall constitute a waiver of his or her right to appeal."). Chavez-Garcia filed a motion to file an appendix, arguing that the disabled victim of Chavez-Garcia's crimes said in a police report that she enjoyed having sex with him and wanted him to call her. Chavez-Garcia did not respond to the Government's motion for summary dismissal.

On June 16, 2014, the BIA dismissed Chavez-Garcia's appeal. Citing 8 U.S.C. § 1101(g)[6] and the departure-waiver

---

[6] 8 U.S.C. § 1101(g) ("For the purposes of this chapter any alien ordered deported or removed (whether before or after the enactment of this chapter) who has left the United States, shall be considered to have

regulation, the BIA determined that Chavez-Garcia waived his right to appeal by departing under an order of removal and that the IJ's order became administratively final upon Chavez-Garcia's departure. The BIA declined to address Chavez-Garcia's arguments on the merits because he departed from the United States before he filed an appeal and failed to respond to the Government's motion for summary dismissal. Chavez-Garcia petitioned this court for review of the BIA's decision.

## DISCUSSION

We review questions of law de novo. *Rodriguez-Echeverria v. Mukasey*, 534 F.3d 1047, 1050 (9th Cir. 2008). We review the BIA's factual findings for substantial evidence. *See Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009); *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001) ("The substantial evidence standard is highly deferential to the Board, and for us to overturn the Board's decision, [the applicant] must show that the evidence compels reversal.").

Although the BIA references Chavez-Garcia's "Request for Immediate Removal" in its decision, the BIA decision

---

been deported or removed in pursuance of law, irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed."). That provision says nothing about the right to appeal to the BIA or the waiver of that right. In fact, our court has interpreted "the phrase 'who has left the United States,' found in section 1101(g), so as to exclude illegally executed departures effected by the government." *Mendez v. INS*, 563 F.2d 956, 959 (9th Cir. 1977) (citing *Mrvica v. Esperdy*, 376 U.S. 560, 564 (1964)). As we will explain, Chavez-Garcia's waiver-by-departure—executed by the government in contravention of due process—cannot exclude his petition from judicial review based on our court's interpretation of 8 U.S.C. § 1101(g). *Id.*

makes clear that Chavez-Garcia's departure alone constituted a waiver of his right to appeal. The BIA did not consider whether Chavez-Garcia's "Request for Immediate Removal," including his statement that he did "not intend to appeal the decision of the [IJ]," met the requirements of a "considered" and "intelligent" waiver of his right to appeal to the BIA. Therefore, we must consider whether Chavez-Garcia's departure alone constituted a valid waiver of his right to appeal, and not whether his "Request for Immediate Removal" so qualified. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) ("[W]e are not permitted to decide a claim that the immigration court has not considered in the first instance.") (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)). No one disputes that Chavez-Garcia left the United States before he appealed his removal order to the BIA. If we accept the validity of the departure-waiver regulation on its face and without further consideration of the constitutional requirements of a valid waiver, Chavez-Garcia waived his right to appeal as soon as he departed from the United States. That was the sole basis of the BIA decision.

However, the constitutional requirements of a valid waiver of the right to appeal cannot be so lightly disregarded. Therefore, we must determine whether Chavez-Garcia's departure alone meets the constitutional requirements of a valid waiver.

The Supreme Court has recognized that an alien may validly waive his right to appeal his removal order as long as his waiver is "considered" and "intelligent." *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987) ("Because the waivers of their rights to appeal were not considered or intelligent, respondents were deprived of judicial review of their deportation proceeding."); *see also Garcia v. Lynch*,

786 F.3d 789, 790 (9th Cir. 2015) (granting a petition for review because the petitioner's "waiver of his right to appeal to the BIA was not considered and intelligent"); *In re Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322 (BIA 2000) ("Whenever the right to appeal is [validly] waived, the decision of the Immigration Judge becomes final and may be implemented immediately.").

Chavez-Garcia argues that he did not provide a "considered" and "intelligent" waiver of his right to appeal to the BIA by virtue of his departure alone, and points out that he expressly reserved his right to appeal during his removal proceedings. The government argues that Chavez-Garcia's departure alone constituted a valid waiver of his right to appeal to the BIA under the departure-waiver regulation, and that Chavez-Garcia's "Request for Immediate Removal" provides an additional basis to hold that Chavez-Garcia waived his right to appeal in a manner that comports with the constitutional requirements of a valid waiver.[7]

At the close of Chavez-Garcia's removal proceedings, the Immigration Judge ("IJ") had the following exchange with Chavez-Garcia's attorney and Chavez-Garcia:

> **IJ:** And just so, I mean, I know the answer to this, but just so I have it on the record, if I

---

[7] However, as we have already explained, the BIA did not consider whether Chavez-Garcia's Request for Immediate Removal met the requirements of a "considered" and "intelligent" waiver of his right to appeal to the BIA. Therefore, we lack the authority to consider that claim. *See Montes-Lopez*, 486 F.3d at 1165.

order him removed, he's going to reserve
appeal, right?

**Attorney:** Yes, Judge. . . .

**IJ (to Chavez-Garcia):** Mr. Chavez-Garcia,
okay. That's right. You're okay in English
. . . Your attorney has protected your right to
appeal and he's going to take my decision to
the next higher court and argue before the
next higher court that my decision is
incorrect[.]

Thus, the IJ informed Chavez-Garcia of his right to appeal
his removal order, as required by law. *See United States v.
Ubaldo-Figueroa*, 364 F.3d 1042, 1049 (9th Cir. 2004) ("An
alien can not make a valid waiver of his right to appeal a
removal order if an IJ does not expressly and personally
inform the alien that he has the right to appeal."). Chavez-
Garcia heard his attorney reserve his right to appeal. The IJ
even told Chavez-Garcia that his attorney would take the IJ's
"decision to the next higher court[.]"Chavez-Garcia then
departed from the United States to visit his ailing mother in
Mexico, albeit at government expense, as requested by
Chavez-Garcia prior to his departure. The IJ never informed
Chavez-Garcia that his departure would constitute a waiver
of his right to appeal to the BIA.

"As a general rule, ignorance of the law is no excuse[.]"
*Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir.
2003) (citing *Cheek v. United States*, 498 U.S. 192, 199
(1991)). Therefore, one might conclude that Chavez-Garcia
validly waived his right to appeal when he departed from the
United States because of the mere existence of the departure-
waiver regulation coupled with the fact that Chavez-Garcia

was represented by counsel during and after his removal proceedings. Our precedent suggests otherwise. Even though regulations that interpret the INA expressly state that an alien may appeal his removal order to the BIA, the Ninth Circuit does not treat an alien's waiver of his right to appeal as valid unless the IJ "expressly and personally inform[s] the alien that he has the right to appeal." *See Ubaldo-Figueroa*, 364 F.3d at 1049; *see also* 8 C.F.R. § 1003.38(a). By that same logic, even though the departure-waiver regulation expressly states that an alien's departure constitutes a waiver of his right to appeal to the BIA, an IJ must inform an alien who requests immediate removal that his departure would constitute a waiver of his right to appeal. *See Garcia*, 786 F.3d at 792 (holding in a slightly different context that "an alien's waiver of his right to appeal" was not "considered and intelligent" because "the IJ fail[ed] to advise [him]" of information relevant to the future outcome of his case). Without the information that his departure would constitute a waiver of appeal, conveyed from the IJ to the alien, the IJ has no way to know whether an alien's departure alone qualifies as a "considered" and "intelligent" waiver of his right to appeal his removal order. *See Martinez-de Bojorquez v. Ashcroft*, 365 F.3d 800, 806 (9th Cir. 2004) (holding that a petitioner's due process rights were violated after the IJ failed to inform the petitioner when she reserved her right to appeal that her departure from the United States during her pending appeal to the BIA would constitute a waiver of her right to appeal under 8 C.F.R. § 1003.4). We grant Chavez-Garcia's petition for review because his departure from the United States, without more, does not provide clear and convincing evidence of a "considered" and "intelligent" waiver of the right to appeal. *See United States v. Gomez*, 757 F.3d 885, 894 (9th Cir. 2014) ("The government must prove a valid waiver 'by clear and convincing evidence.'") (quoting *United States v. Reyes-Bonilla*, 671 F.3d 1036,

1043 (9th Cir. 2012)).[8] The IJ's failure to inform Chavez-Garcia that his departure would constitute a waiver of his previously reserved right to appeal to the BIA renders Chavez-Garcia's purported waiver invalid. Therefore, his petition is granted. The case is remanded for further proceedings before the BIA.

**PETITION GRANTED; REMANDED.**

---

OWENS, Circuit Judge, dissenting:

I respectfully dissent. In my view, the February 12, 2013 letter from Chavez-Garcia's own lawyer—which asked for his immediate removal and stated that Chavez-Garcia did "not intend to appeal" the IJ's decision—supports the BIA's decision to dismiss the appeal on waiver grounds.

---

[8] Because we grant the petition for review on the ground that Chavez-Garcia did not provide a "considered" and "intelligent" waiver of his right to appeal to the BIA by virtue of his departure alone, we need not consider Chavez-Garcia's alternative argument that the departure-waiver regulation is invalid.