NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GIWE PHILIPPE SIKI, AKA Philippe Forever, AKA Giwi Philippe Siki, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.   18-70938 <br><br> Agency No. A094-746-119 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Giwe Philippe Siki, a native and citizen of the Democratic Republic of

Congo, petitions pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing his appeal from an immigration judge's ("IJ") removal order. We

have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law.

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny the petition for review.

The BIA did not err in concluding that Siki failed to show that his waiver of his right to appeal was not knowing and intelligent, where he expressly told the IJ he wished to waive appeal, and he presented no evidence to support his contention that he was mentally impaired at his last removal hearing. *See Chavez-Garcia v. Sessions*, 871 F.3d 991, 996 (9th Cir. 2017) ("[A]n alien may validly waive his right to appeal his removal order as long as his waiver is 'considered' and 'intelligent.'" (internal citations omitted)). In reaching this conclusion, we do not consider the documents that Siki submitted with his opening brief because they were not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out of record evidence).

To the extent Siki contends his counsel was ineffective, he has not shown any error in the BIA's determination, where he failed to include any evidence or details regarding the alleged ineffective assistance. *See Mohammed*, 400 F.3d at 794 (petitioner must show that the performance of counsel was so inadequate that it may have affected the outcome of the proceedings).

We deny Siki's requests at Docket Entry No. 13 for release from detention and assistance with housing, because the requests are not properly before the court.

*See, e.g.,* 8 C.F.R. § 1003.19(d) (consideration of an alien's application or request regarding custody or bond "shall be separate and apart from . . . any deportation or removal hearing or proceeding"); *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011) (explaining that an applicant must first raise any continued detention challenge to the agency, before filing a habeas petition in the district court, which decision may then be appealed to this court).

**PETITION FOR REVIEW DENIED.**

18-70938