NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



CARLOS ALEXANDER CASTILLO-
CRESPO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-72936

Agency No. A206-676-194

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2019
San Diego, California

Before: HURWITZ, OWENS, and LEE, Circuit Judges.

Carlos Alexander Castillo-Crespo, a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals ("BIA"),

finding that his appeal from a removal order of an Immigration Judge ("IJ") was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

withdrawn pursuant to 8 C.F.R. § 1003.4.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition and remand.

Waiver of the right to appeal a removal order must be "considered" and "intelligent." *Chavez-Garcia v. Sessions*, 871 F.3d 991, 996 (9th Cir. 2017) (quoting *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987)).  The applicant must therefore be informed that departure from the country would waive the right to appeal.  *Id*. at 997-98.  Although *Chavez-Garcia* dealt with 8 C.F.R. § 1003.3(e), which provides for "waiver" of the right to appeal when a petitioner departs the country before appealing the order of an IJ to the BIA, there is no material difference between the "waiver" and "withdrawal" of an appeal through departure.  When an appeal is withdrawn, the decision of the IJ is "final to the same extent as though no appeal had been taken."  8 C.F.R. § 1003.4.

The government presented no evidence that Castillo knew departure would

---

[1]    The regulation provides:

> Departure from the United States of a person who is the subject of deportation or removal proceedings, except for arriving aliens as defined in § 1001.1(q) of this chapter, subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

8 C.F.R. § 1003.4.

result in the withdrawal his appeal, and the BIA made no such finding.[2] Nor is there clear and convincing evidence in the record that Castillo knew of this consequence before his alleged departure. *See Chavez-Garcia*, 871 F.3d at 997 (holding that there must be "clear and convincing evidence" of waiver) (citing *United States v. Gomez*, 757 F.3d 885, 894 (9th Cir. 2014)).[3]

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[2] Castillo relied on *Chavez-Garcia* in a supplemental filing to the BIA, which addressed that opinion in its decision. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) ("It is well-established that we may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency.").

[3] Because we grant the petition on this ground, we do not address the other arguments in Castillo's petition.

*Castillo-Crespo v. Barr*, No. 17-72936

LEE, Circuit Judge, dissenting:

I respectfully dissent for two reasons.

First, Castillo-Crespo did not adequately raise and exhaust the argument that he allegedly did not receive sufficient notice about the effect of departing the country. He did not argue this in his merits brief to the BIA, and instead relies solely on a submission to the BIA that simply states that *Chavez-Garcia v. Sessions*, 871 F.3d 991 (9th Cir. 2017) "is directly relevant to his case." *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA.").

Second, even assuming that the claim is exhausted, Castillo-Crespo's argument fails because he received sufficient notice about the effect of his departure. To file a notice of appeal with the BIA, Castillo-Crespo had to use Form EOIR-26. The instructions for Form EOIR-26 states "[i]f you leave the United States after filing an appeal with the Board, but before the Board decides your appeal, your appeal may be withdrawn and the Immigration Judge's decision put into effect as if you had never filed an appeal." This is sufficient warning of the effects of his departure.