NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA DE JESUS LOPEZ; DUBIS
ABIGAIL ALFARO LOPEZ,

No. 24-3952

Agency Nos.
A216-565-696
A216-565-697

Petitioners,

v.

MEMORANDUM*

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2025**
Pasadena, California

Before: GILMAN***, M. SMITH, and VANDYKE, Circuit Judges.

Maria De Jesus Lopez ("Petitioner"), a native and citizen of Honduras, seeks

review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal

of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and

---

*      This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court
of Appeals, 6th Circuit, sitting by designation.

Convention Against Torture ("CAT") protection.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing the BIA's final orders, we "'review questions of law de novo' and the agency's 'factual findings for substantial evidence.'" *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Chavez-Garcia v. Sessions*, 871 F.3d 991, 995 (9th Cir. 2017)). "[U]nder the highly deferential substantial evidence standard," *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023), findings of fact are "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary," *Ruiz-Colmenares*, 25 F.4th at 748 (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

1. Substantial evidence supports the BIA's conclusion that Petitioner was not entitled to asylum or withholding of removal. To obtain either asylum or withholding of removal, an applicant must show that she was or will likely be persecuted on account of a protected ground. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). The agency reasonably concluded that the alleged harms committed against Petitioner—by the gang members and her husband's mistress—were criminal acts without any nexus to a protected ground. Petitioner supplied no

_____

[1] Petitioner also brings claims on behalf of her minor daughter, who is a beneficiary of her application for asylum. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013); *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

objective evidence that either the gang members' extortion or her husband's mistress's assault was motivated by anything other than criminal financial gain or a personal vendetta. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1144–45 (9th Cir. 2021); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Petitioner's failure to show that the alleged harm she suffered bore *any* nexus to a protected ground is dispositive of her asylum and withholding-of-removal claims. *Rodriguez-Zuniga*, 69 F.4th at 1018.

2. Substantial evidence also supports the agency's denial of Petitioner's CAT claim. To qualify for CAT relief, an applicant must show that she would "more likely than not" be tortured if removed. 8 C.F.R. § 1208.16(c)(2); *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013). She must also show that the torture will be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official ... or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Petitioner does not establish how either of the violent acts committed against her—by the gang members or her husband's mistress—compel the finding of a greater-than-fifty-percent future risk of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Nor does the record compel the finding that the Honduran government would inflict or acquiescence in any torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). The record therefore does not compel the conclusion that Petitioner is entitled to CAT relief.

**PETITION DENIED.**