NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERCEDES DEL CARMEN BERMUDEZ-MEJIA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 20-73335 <br><br> Agency No. A094-830-409 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026**
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB,*** District
Judge.

Mercedes Del Carmen Bermudez-Mejia, a native and citizen of El Salvador,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John W. Holcomb, United States District Judge for the
Central District of California, sitting by designation.

dismissing her appeal from an Immigration Judge's ("IJ") denial of asylum and withholding of removal.[1] "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

We "review questions of law de novo" and the agency's "factual findings for substantial evidence." *Chavez-Garcia v. Sessions*, 871 F.3d 991, 995 (9th Cir. 2017). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)). We have jurisdiction

---

[1] Bermudez-Mejia also applied for protection under the Convention Against Torture ("CAT"). The IJ denied her asylum, withholding of removal, and CAT claims. Bermudez-Mejia appealed the IJ's decision to the BIA, but she did not challenge the denial of CAT relief in that appeal. The BIA dismissed her appeal, affirming the denial of asylum and withholding of removal and deeming the denial of CAT relief waived. Bermudez-Mejia then filed a petition for review in this court. *See* Pet. for Review, *Bermudez-Mejia v. Barr*, No. 19-71641 (9th Cir. June 28, 2019). We granted the government's motion to remand for the BIA to consider whether Bermudez-Mejia was entitled to asylum and withholding of removal in light of *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017). *See* Order, *Bermudez-Mejia v. Barr*, No. 19-71641 (9th Cir. Dec. 31, 2019).

Bermudez-Mejia now petitions for review of the BIA's decision on remand. Our remand did not include remand regarding the BIA's finding that Bermudez-Mejia waived her claim for protection under the CAT. That form of relief was thus not before the BIA on remand. We also agree with the government that Bermudez-Mejia "does not challenge the [BIA]'s determination that she abandoned her CAT claim," and has therefore waived her challenge to the BIA's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

under 8 U.S.C. § 1252, and we deny the petition.

1. Bermudez-Mejia owned and operated a successful business in El Salvador selling eggs. Members of a gang attempted to obtain money from her through extortion, demanding a one-time payment of $3,000 and monthly payments of $500. The gang threatened to harm Bermudez-Mejia and her daughters if she refused. Fearing for her family's safety, Bermudez-Mejia ultimately sold the business. Two members of the gang later assaulted Bermudez-Mejia at her home. One man held her at gunpoint, and the other sexually assaulted her. As the men were leaving, they told Bermudez-Mejia that this was "a message sent by their boss" because she had refused to "collaborat[e] with the[] [gang]." The IJ determined that Bermudez-Mejia testified credibly about these events.

2. When an applicant seeks asylum or withholding of removal based on membership in a "particular social group," the applicant must demonstrate (1) "the existence of a cognizable particular social group," (2) "membership in that particular social group," and (3) "a risk of persecution on account of [her] membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (B.I.A. 2014)). "The third element is often referred to as the 'nexus' requirement." *Id.*

To satisfy the nexus requirement for asylum, Bermudez-Mejia must show that her membership in the particular social group was "one central reason" for either her

3

past harms or her feared future harms. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). For withholding of removal, she must show that her membership in the particular social group will be "a reason" for suffering future harm. *Id.* ""[A] reason' is a less demanding standard than 'one central reason.'" *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Bermudez-Mejia claims persecution on account of her membership in two proposed particular social groups: "female business owners" and "members of the Bermudez-Mejia family."

3. Bermudez-Mejia has not meaningfully challenged the agency's determination that her proposed particular social group of "female business owners" is not cognizable. The agency found that this proposed group is not cognizable because being a business owner is not an immutable characteristic. Bermudez-Mejia did not specifically contest this conclusion in her opening brief. Accordingly, she has forfeited review of the agency's dispositive cognizability determination. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that the petitioner forfeited an argument by failing to develop it "specifically and distinctly" in his opening brief (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).

4. Substantial evidence supports the agency's denial of asylum and

4

withholding of removal. The agency determined that Bermudez-Mejia failed to establish that she was persecuted on account of family membership because it found that gang members instead extorted Bermudez-Mejia for financial gain and sexually assaulted her for refusing to pay their demands.

Persecution "solely on account of an economic motive" does not satisfy the nexus requirement for asylum and withholding of removal. *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004); *see also Rodriguez-Zuniga*, 69 F.4th at 1019–22 (holding that extortion motivated solely by economic reasons does not give rise to a sufficient nexus). Substantial evidence supports the finding that the gang members' motive was solely financial. Bermudez-Mejia testified that the gang members who threatened her only demanded money, that she was targeted because gang members "thought they were going to obtain money" from her, and that she was raped because she refused to pay them. Bermudez-Mejia does not identify record evidence that compels the conclusion that the gang members' motive was not economic. *See Rodriguez-Zuniga*, 69 F.4th at 1019 ("Substantial evidence supports the agency's nexus finding because [petitioner] 'did not demonstrate that the gang members who sought to extort money from her were motivated by anything other than an economic interest.'" (alterations accepted) (quoting *Iraheta-Osorio v. Holder*, 445 F. App'x 8, 9 (9th Cir. 2011))).

Because Bermudez-Mejia's family owned the egg-selling business, she

5

contends that the gang targeted her due to her family membership. But Bermudez-Mejia's status as a member of the family whose business the gang sought to extort "doesn't transform the *persecutor's* motivation from money to actual animus against a protected characteristic." *Id.* at 1020. Nor does the fact that the gang also threatened Bermudez-Mejia's daughters "as an instrumental means to obtain money" demonstrate that family membership motivated her persecutors. *Id.* at 1020; *see also id.* at 1019 ("Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money from a third person, the record does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation.").

Substantial evidence supports the agency's finding that Bermudez-Mejia's membership in her family was not "a reason" for her past persecution or feared future persecution, which defeats both her asylum and withholding of removal claims. *See id.* at 1023.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in place until the mandate issues. The motion for a stay of removal (Dkt. No. 1) is otherwise denied.

6