NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARGIS NIKOGHOSYAN,

Petitioner,

v.

PAMELA BONDI, U.S., Attorney General,

Respondent.

No. 21-155

Agency No.
A075-671-405

MEMORANDUM[*]

Appeal from the Board of Immigration Appeals

Submitted March 10, 2026[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.[***]

Petitioner Sargis Nikoghosyan seeks review of the Board of Immigration Appeals' denial of his Motion to Reopen proceedings as to his application for asylum, withholding of removal, and relief under the Convention against Torture.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The Board's denial of a motion to reopen is reviewed for abuse of discretion. *Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1222 (9th Cir. 2002). We review factual findings for substantial evidence. *Ghaly v. I.N.S.*, 58 F.3d 1425, 1429 (9th Cir. 1995). Legal questions are reviewed de novo. *Chavez-Garcia v. Sessions*, 871 F.3d 991, 995 (9th Cir. 2017).

1. The Board did not abuse its discretion when it denied the motion to reopen as untimely because Petitioner failed to produce material, previously unavailable information pursuant to 8 U.S.C. § 1229a(c)(7)(C). The Board did not err when it found that allegations concerning events pre-dating his December 2002 final hearing did not constitute new facts supported by previously unavailable evidence. *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007). Petitioner offers no argument as to why he could not have raised these allegations in his 2002 hearing. With respect to alleged events that occurred after the final hearing, the Board was permitted to give diminished weight to two undated and unsworn statements from interested witnesses, the only evidence Petitioner submitted to substantiate his allegations. *Xiao Feizheng v. Holder*, 644 F.3d 829, 836 (9th Cir. 2011).

2. When the Board concluded Petitioner did not establish a prima facie case for eligibility, it relied on an outdated standard of proof. This was harmless error because the Board's decision rested on independent alternative grounds. *See*

*Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (applying harmless error rule). The Board's determination that Petitioner failed to produce material, previously unavailable information is, by itself, dispositive of the Motion to Reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

3. This Court lacks jurisdiction to review the Board's decision not to reopen Petitioner's case *sua sponte*. *Greenwood v. Garland*, 36 F.4th 1232, 1237 (9th Cir. 2022); *see also Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016).

4. This Court lacks jurisdiction to consider prosecutorial discretion as a basis for reopening Petitioner's proceedings. 8 U.S.C. § 1252(g); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**