NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS OSMIN-DIAZ, | No. 18-70347 |
| Petitioner, | Agency No. A205-576-044 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and EZRA,*** District Judge.

Carlos Osmin-Diaz, a native and citizen of El Salvador, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

from an order of an immigration judge ("IJ") denying his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

withholding of removal and protection under the Convention Against Torture. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

We "review questions of law de novo" and the agency's "factual findings for substantial evidence." *Chavez-Garcia v. Sessions*, 871 F.3d 991, 995 (9th Cir. 2017). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Osmin-Diaz sought withholding of removal based on his proposed particular social group, "[y]oung men in El Salvador who public[]ly resist recruitment by the gangs." The IJ and BIA both found that the proposed particular social group was not cognizable. We have held that materially similar proposed groups are not cognizable because they are too loosely defined and not perceived as a group by society. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc). Thus, substantial evidence supports the agency's finding that Osmin-Diaz is not eligible for withholding of removal.

2. Osmin-Diaz challenges the agency's rejection of his claim for relief under the Convention Against Torture. But after reciting the legal standard at length, his opening brief summarily concludes, without any citation to the record, that "the MS gang seeks to torture Osmin by punishing him with murder or grievous harm for Osmin's public resistance to the gang. Furthermore, the Salvadoran police would acquiesce in the MS gang's violence against Osmin. Therefore, Osmin is eligible for relief under CAT." This "contention is purely conclusory and devoid of supporting factual detail or legal argument. We therefore deem any such claim to be forfeited." *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022)

3. Contrary to the requirements of 8 U.S.C. § 1229(a)(1)(G)(i), the Notice to Appear that Osmin-Diaz received at the start of his removal process did not specify the date and time at which the proceedings would be held. In their Opening and Answering Briefs, the parties contested whether *Pereira v. Sessions*, 585 U.S. 198 (2018), therefore deprived the IJ and BIA of jurisdiction to conduct and review the removal proceedings. In *Pereira*, the Supreme Court held that a Notice to Appear lacking this information cannot stop the clock on the accrual of the ten years of continuous physical presence needed to qualify for cancellation of removal. 585 U.S. at 201–02. However, after the Opening Brief was filed, we decided that "*Pereira* dealt with an issue distinct from the jurisdictional question," and we held that a Notice to Appear lacking time and place information still "vest[s] jurisdiction

3

in the IJ." *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019). The parties then submitted supplemental briefs, in which Osmin-Diaz argued "he is entitled to have the Agency assess the effect of its deficient NTA." He conceded that he "cannot argue the matter must be terminated," but stated that "the violation of th[e] processing rule could result in the Board terminating the matter on remand." "[I]f the issue is timely raised," "an Immigration Judge may exercise judgment and discretion to enforce [the § 1229 rule] as he or she deems appropriate to promote the rule's underlying purpose," including by terminating the proceedings. *Matter of Fernandes*, 28 I. & N. Dec. 605, 613–14 (B.I.A. 2022). However, Osmin-Diaz did not object to the deficient Notice to Appear before the IJ. Because Osmin-Diaz "failed to exhaust the alleged claim-processing violation as required under 8 U.S.C. § 1252(d)(1), we deny this portion of the petition." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**